UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MORGAN MUMBOWER,

        Plaintiff,

  v.

KALAMAZOO REGIONAL EDUCATIONAL
SERVICE AGENCY,

        Defendant.

---

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
*Attorney for Plaintiff*
5955 W. Main St., Ste. 618
Kalamazoo, MI 49009
(tel.) 269.978.2474
mark@paladinemploymentlaw.com

---

## COMPLAINT

Plaintiff Morgan Mumbower alleges the following for her complaint against Defendant Kalamazoo Regional Educational Service Agency.

### NATURE OF THE CASE

1. This is an employment case about retaliation.

2. Plaintiff Morgan Mumbower worked for Defendant Kalamazoo Regional Educational Service Agency where she complained about Defendant's pay practices in which Defendant had failed to pay her proper overtime compensation in violation of the Fair Labor Standards Act (FLSA).

3. After her complaints and opposition to Defendant's unlawful pay practices, Mumbower applied for an internal vacancy with Defendant, but Defendant would not interview or

even consider her for the position—despite her qualifications exceeding Defendant's chosen candidate.

4. Mumbower then filed a charge of discrimination against Defendant with the United States Equal Employment Opportunity Commission where she alleged gender discrimination and retaliation in Defendant's workplace in violation of Title VII of the Civil Rights Act of 1964 and Michigan's Elliott-Larsen Civil Rights Act (ELCRA).

5. Shortly after she filed her charge, Defendant fired Mumbower and directly referred to her protected activity—that she "appeared too unhappy in her current role" and had sent emails complaining about discrimination and retaliation—as the basis for her dismissal.

6. Defendant's unlawful retaliation violates the anti-retaliation provisions of the FLSA, Title VII, and the ELCRA. Mumbower suffered damages as a result of Defendant's retaliatory conduct that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## PARTIES, JURISDICTION, AND VENUE

7. Plaintiff Morgan Mumbower is an individual person who resides in Kalamazoo County, Michigan.

8. Defendant Kalamazoo Regional Educational Service Agency is an intermediate school district created under Michigan's Revised School Code. MICH. COMP. LAWS §§ 380.1 – 380.1853.

9. The Court has personal jurisdiction over Defendant under Michigan Compiled Laws Sections 600.711 and 600.715. FED. R. CIV. P. 4(k)(1)(A).

10. The Court has original subject matter jurisdiction over the claims asserted in the complaint under the FLSA and Title VII in accordance with Title 28 of the United States Code, Section 1331, because those claims arise under federal law. Title VII and the FLSA both also in-

dependently provide for subject matter jurisdiction in the federal courts. 42 U.S.C. § 2000e–5(f)(3); 29 U.S.C. § 216(b).

11.  The Court has supplemental jurisdiction over the state law claims asserted in the complaint in accordance with Title 28 of the United States Code, Section 1367, because those claims are so related to the claims over which the Court has original jurisdiction that they form part of the same case and controversy.

12.  Venue is appropriate in this judicial district in accordance with Title 28 of the United States Code, Section 1391(b).

## GENERAL ALLEGATIONS

13.  Plaintiff Morgan Mumbower worked for Defendant as a teaching assistant from October 1, 2022 until June 28, 2024.

14.  While working as a teaching assistant, Defendant classified Mumbower as non-exempt from the requirement from receiving overtime compensation under the FLSA, and there are no exemptions from the FLSA that would excuse Defendant from failing to pay Mumbower at a rate of 1.5 times her regular rate of pay for all the overtime hours that she worked.

15.  Mumbower often worked more than 40 hours each work week while working for Defendants, particularly toward the start of her tenure of employment.

16.  In the summer of 2023, Mumbower discovered that Defendant had failed to pay her for all the hours that she worked and had improperly deducted hours that she had worked from her total weekly hours worked.

17.  Defendant's improper deductions from Mumbower's total weekly hours worked resulted in Defendant's failure to pay her proper overtime compensation.

18.  Mumbower reported the pay and hour discrepancies and Defendant's failure to pay her overtime compensation to Defendant's human resources department and she asked that

Defendant correct its unlawful pay practices, but Defendant refused.

19. Later in 2023, Mumbower applied for an open lead instructor position with Defendant. Mumbower met and exceeded all of the qualification requirements for the position.

20. In August 2023, however, Defendant filled the lead instructor position without ever even interviewing Mumbower for the position.

21. Mumbower later learned that she was more qualified than the person that Defendant hired for the lead instructor position.

22. Throughout the remainder of 2023 and continuing into 2024, Mumbower continued to complain to Defendant about the failure to pay her overtime compensation and the retaliation she had suffered in Defendant's workplace and insisted that Defendant correct and end its mistreatment of her. Defendant refused.

23. In April 2024, Mumbower filed a charge of discrimination against Defendant with the United States Equal Employment Opportunity Commission. Mumbower alleged in her charge that Defendant had discriminated against her based on her sex and retaliated against her in violation of Title VII and the ELCRA.

24. After she filed her EEOC charge, Mumbower continued to press Defendants to change their retaliatory and unlawful pay practices.

25. In particular, on April 10, 2024, Mumbower wrote an email with the subject line "Pay Scales follow up" to Defendant's deputy superintendent (Tom Zahrt) and assistant superintendent for career and talent development (Eric Stewart) where she lamented Defendant's unwillingness to address or even discuss her discriminatory and retaliatory treatment and noted: "I have already filed a discrimination/retaliation claim with the EEOC. I will take the lack of response as further retaliation and will add the documentation to my previously filed charge."

26. On May 30, 2024, Mumbower met with Stewart and others for her year-end per-

formance evaluation. Despite receiving an overall effective rating, Stewart commented to Mumbower that she appeared "too unhappy in her current role" and did not follow Defendant's "core values of trustworthiness, respect, and compassion" because she "did not assume positive intent" on Defendant's part and, according to Defendant, this raised "significant concerns related to her ability to cultivate productive, professional relationships outside of the classroom."

27. Mumbower pressed Stewart about what he meant and to provide an example where she supposedly had behaved in an untrustworthy manner. Stewart told Mumbower that he "can provide several examples from the various emails" Mumbower had sent over the previous year where she "assumed that" Defendant "was retaliating against her."

28. Stewart then also cited and specifically referred to Mumbower's April 10, 2024 email where she had complained about discrimination and retaliation as an example of her behaving "untrustworthy" in Defendant's view.

29. The next week, on June 6, 2024, Stewart met with Mumbower to inform her that Defendant would fire her and he told her that Defendant had made the decision to fire her because she "appeared too unhappy in her current role." Defendant had no legitimate basis to fire Mumbower and Defendant's decision to fire Mumbower because she "appeared too unhappy in her current role" directly referred to Mumbower's protected activity and her previous complaints about Defendant's improper pay practices and Mumbower's EEOC charge.

30. In October 2024, Mumbower filed another charge of discrimination with the United States Equal Employment Opportunity Commission against Defendant and has otherwise satisfied all administrative prerequisites to filing her causes of action.

## COUNT 1

### RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

31. Mumbower repeats and incorporates all the previous allegations in her complaint.

32. Mumbower engaged in activity protected by the FLSA by, among other things, requesting proper overtime compensation and complaining about Defendant's unlawful pay practices.

33. Defendant knew about Mumbower's protected activities.

34. Defendant terminated Mumbower's employment with Defendant after it learned about Mumbower's protected activities.

35. There was a direct and causal connection between Mumbower's protected activities and Defendant's decision to terminate her employment.

36. Mumbower suffered damages as a result of Defendant's violations of the FLSA, that include, but are not limited to, back wages, frontpay, lost benefits, compensatory damages (including emotional distress), punitive damages, liquidated damages, attorney's fees, and litigation costs.

## COUNT 2
### RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

37. Mumbower repeats and incorporates all the previous allegations in her complaint.

38. Mumbower engaged in activity protected by Title VII when she complained to Defendant and opposed the unlawful, discriminatory, and retaliatory conduct that she encountered in Defendant's workplace, as well as when she filed a charge of discrimination and participated in an investigation or proceeding under Title VII.

39. Defendant knew about Mumbower's protected activity.

40. Defendant took an adverse employment action against Mumbower when it terminated her employment.

41. Defendant would not have terminated Mumbower's employment but for her protected activity.

42. Mumbower suffered damages because of Defendant's retaliation that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## COUNT 3
### RETALIATION IN VIOLATION OF MICHIGAN'S ELLIOTT-LARSEN CIVIL RIGHTS ACT

43. Mumbower repeats and incorporates all the previous allegations in her complaint.

44. Mumbower engaged in activity protected by the ELCRA when she complained to Defendant and opposed the unlawful, discriminatory, and retaliatory conduct that she encountered in Defendant's workplace, as well as when she filed a charge of discrimination and participated in an investigation or proceeding under the ELCRA.

45. Defendant knew about Mumbower's protected activity.

46. Defendant took an adverse employment action against Mumbower when it terminated her employment.

47. There was a causal connection between Mumbower's protected activities and the termination of Mumbower's employment.

48. Mumbower suffered damages because of Defendant's retaliation that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## JURY DEMAND

49. Mumbower demands a trial by jury on all issues so triable. FED. R. CIV. P. 38(b).

## RELIEF REQUESTED

50. Plaintiff Morgan Mumbower requests that the Court enter a judgment in her favor and against Defendant Kalamazoo Regional Educational Service Agency in an amount that will fully and fairly compensate her for all of her damages, losses, expenses, back wages, emotional

- 8 -

distress, attorney's fees, litigation costs, and interest.

   51. Mumbower also requests that the court grant her any additional relief, both legal and equitable, as the Court determines to be appropriate and just under the circumstances.

               MORGAN MUMBOWER

Dated:  June 25, 2025       By: /s/ Mark S. Wilkinson
               Mark S. Wilkinson (P68765)
               *Attorney for Plaintiff*
               PALADIN EMPLOYMENT LAW PLLC
               5955 W. Main St., Ste. 618
               Kalamazoo, MI 49009
               (tel.) 269.978.2474
               mark@paladinemploymentlaw.com